IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | Case No.: | 19-07584 |
| James B McKay, Jr. ) | | |
| ) | Chapter 13 | |
| ) | | |
| ) | Judge: | Donald R Cassling |
| Debtor(s) ) | | |

TO:  Trustee Tom Vaughn, 55 E. Monroe Street, #3850, Chicago, IL 60603;

See attached service list.

## PROOF OF SERVICE

    The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached Amended Chapter 13 Plan to the above named creditor and also to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 4131 Main St. Skokie, IL 60076, on May 16, 2019.

/s/ *David H. Cutler*
Attorney for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

.

Allied International Credit Corp
6800 Paragon Place
Suite 400
Richmond, VA 23230


Armco, LLC dba Aaron's
128 W Lake St
Addison, IL 60101


Bank of America
PO Box 53137
Phoenix, AZ 85702


Bank of the West
PO Box 4024
Alameda, CA 94501-0424


Bank Of The West (Acct ending 0325)
Attn: Bankruptcy
180 Montgomery Street 25th Floor
San Francisco, CA 94104


Bankcard Services
PO Box 4499
Beaverton, OR 97076-4499


Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Capital One Bank
PO Box 30285
Salt Lake City, UT 84130-0285


Carson Smithfield, LLC
PO Box 9216
Old Bethpage, NY 11804


Central Dupage Emergency Physicians
PO Box 10859
Daytona Beach, FL 32120-0859

Charles D. Goodsite, LTD
929 W. Wise Rd
Schaumburg, IL 60193


Christopher Johnson (Rental Properties)
8040 Camden Way
Canfield, OH 44406


Citibank, NA
Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179


Citibank, NA
701 East 60th Street North
Sioux Falls, SD 57104


Collection Service Center
PO Box 560
New Kensington, PA 15068-0560


Collection Service Center, Inc.
Attn: Bankruptcy
Po Box 560
New Kensington, PA 15068


Conduent/US Bk Natl Brazos
Attn: Claims Department
Po Box 7051
Utica, NY 13504


Continental Finance (Matrix Card)
PO Box 8099
Newark, DE 19714-8099


Continental Finance Company
Attn: Bankruptcy
Po Box 8099
Newark, DE 19714


Credence Resource Management LLC
PO Box 2267
Southgate, MI 48195-4267

```
Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193


Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873


Cutlery & More
135 Prairie Lake Rd
East Dundee, IL 60118


Department of Education/Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501


Deville Asset Management, LTD
PO Box 1987
Colleville, TX 76034-1987


Deville Mgmt
Attn: Bankruptcy
Po Box 1987
Colleyville, TX 76034


Exeter Finance Corp
Po Box 166008
Irving, TX 75016


First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117


Focus Receivables Mana
1130 Northchase Parkway
Suite 150
Marietta, GA 30067


Frost-Arnett Company
PO Box 198988
Nashville, TN 37219-8988
```

Genesis Bankcard Services
Attn: Bankruptcy Department
Po Box 4477
Beaverton, OR 97076


HealthLab
25 N Winfield Rd
Winfield, IL 60190


Jefferson Capital Systems
PO Box 1120
Charlotte, NX 28201-1120


Jefferson Capital Systems
16 McLeland Rd
Saint Cloud, MN 56303


Jefferson Capital Systems, LLC
Po Box 1999
Saint Cloud, MN 56302


Jenifer Silba
581 Plum Grove Rd, Apt 1C
Roselle, IL 60172


Kay Jewelers /Genesis FS Card Services
PO Box 23026
Columbus, GA 31902-3026


LP Services Group
333 City Blvd W.
Orange, CA 92868


MEA Elk Grove, LLC
PO Box 637544
Cincinnati, OH 45263-7544


Mercy Health Physicians
PO Box 630584
Cincinnati, OH 45263-0584


Merrick Bank/CardWorks
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804

MidAmerica Bank & Trust Company
Attn: Bankruptcy
216 West Second St
Dixon, MO 65459


Milestone Mastercard
PO Box 4477
Beaverton, OR 97076


N.E.O Urology Associates, Inc
7430 Southern Blvd
Boardman, OH 44512-5629


Nationwide Credit & Collection, Inc C/O
PO Box 3219
Oak Brook, IL 60522-3219


Professional Credit Analysts of Minnesot
24 N Front St
New Ulm, MN 56073-0099


Professional Credit Analysts of Minnesot
PO Box 99
New Ulm, MN 56073-0099


Professional Credit Analysts of MN
24 N Front St
Po Box 99
New Ulm, MN 56073


Progressive Leasing (Kay Jewelers)
256 West Data Drive
Draper, UT 84020


Radiology Subspecialists of Northern Ill
PO Box 74008693
Chicago, IL 60674-8693


Radius Global Solutions
PO Box 390846
Minneapolis, MN 55439


Receivable Management Services
PO Box 361348
Columbus, OH 43236

```
Receivable Management Services
PO Box 349
Greenburg, IN 47240-0349


Richard J. Schmit, D.D.S
910 W Lake St
Suite 106
Roselle, IL 60172


Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161


Sequium Asset Solutions, LLC
1130 Northchase Parkway
Suite 150
Marietta, GA 30067


Slc Conduit I Llc
Citibank USA, N.A
Po Box 6191
Sioux Falls, SD 57117


Smiles Dental Care; William G. Wolski, D
96 N Bokelman
Roselle, IL 60172


Sprint
PO Box 629023
El Dorado Hills, CA 95762-9023


Sterling Jewelers, Inc.
Attn: Bankruptcy
Po Box 1799
Akron, OH 44309


Sterling Jewelers/Kay Jewelers
Attn: Bankruptcy
375 Ghent Rd
Akron, OH 44333


Techniweld USA
6205 Boat Rock Blvd
Atlanta, GA 30336
```

```
The Dental Store
1061 S Roselle Rd
Schaumburg, IL 60193-3960


Transworld Systems
500 Virginia Dr
Suite 514
FT Washington, PA 19034


US Dept of Education
Attn: Bankruptcy
Po Box 16448
Saint Paul, MN 55116


US Dept. of Education/MOHELA
Attn: Bankruptcy
633 Spirit Dr
Chesterfield, MO 63005


Visa Dept Store National Bank/Macy's
Attn: Bankruptcy
Po Box 8053
Mason, OH 45040


West Central Anes Grp
8386 Solutions Center
Chicago, IL 60677


Winfield Laboratory Consultants, SC
PO Box 120153
Grand Rapids, MI 49528-0103


Winfield Pathology Consultants, SC
PO Box 88087
Chicago, IL 60680-1087


Winfield Radiology Consultants, SC
6910 S Madison St
WillowBrook, IL 60527-5504
```

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | James B | | McKay, Jr. |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number: **19-07584**
(If known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.3, 3.1, 5.2, 6.1, 7.1**

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$267.00** per **Month** for **48** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

■ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | James B McKay, Jr. | Case number | 19-07584 |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

■ Debtor(s) will treat income refunds as follows:
**Debtor(s) shall submit a copy of their federal income tax return to the Trustee each year, beginning with the tax return for the tax year in which this case was filed, no later than April 20th. The debtor(s) shall tender to the Trustee the amount of any tax refund in excess of $1,200 each year, beginning the year after the plan is confirmed, within 7 days of receipt of the tax refund. Refunds must be received by the Trustee by June 30th of each year.**

**2.4 Additional payments.**
*Check one.*
■ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**    The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>12,816.00</u>.

### Part 3: Treatment of Secured Claims

**3.1**    **Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Bank Of The West (Acct ending 0325)** | 2018 Chevrolet Cruze | $369.12<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.2**    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

■ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**    **Lien avoidance**.

*Check one.*
■ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

| Debtor | James B McKay, Jr. | Case number | **19-07584** |
|---|---|---|---|

**3.5**   **Surrender of collateral.**

*Check one.*
■   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1**   **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**   **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**1,281.60**.

**4.3**   **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4**   **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
■   **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**   **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
■   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**5.1**   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐   The sum of $         .
■   **10.00**% of the total amount of these claims, an estimated payment of $   **7,534.40**   .
■   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $  **0.00**  . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
■   The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **US Dept. of Education/MOHELA** | $0.00 | $0.00 | $0.00 |
|  | Disbursed by:<br>☐ Trustee<br>■ Debtor(s) |  |  |

Official Form 113                           **Chapter 13 Plan**                           Page 3

| Debtor | James B McKay, Jr. | Case number | 19-07584 |
|---|---|---|---|

*Insert additional claims as needed.*

**5.3　Other separately classified nonpriority unsecured claims.** *Check one*.

■　**None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:　Executory Contracts and Unexpired Leases

**6.1　The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐　**None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
■　**Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| Armco, LLC dba Aaron's | Sofa and loveseat couch | $92.17<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | | $0.00 |
| The Moorings | Monthly residential lease | $715.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | | $0.00 |

*Insert additional contracts or leases as needed.*

### Part 7:　Vesting of Property of the Estate

**7.1　Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐　plan confirmation.
■　entry of discharge.
☐　other: _____

### Part 8:　Nonstandard Plan Provisions

**8.1　Check "None" or List Nonstandard Plan Provisions**
■　**None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9:　Signature(s):

**9.1　Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

| X | /s/ James B McKay, Jr. | X | |
|---|---|---|---|
| | **James B McKay, Jr.** | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| | Executed on **May 16, 2019** | | Executed on _____ |

| X | /s/ David H. Cutler | Date | **May 16, 2019** |
|---|---|---|---|
| | **David H. Cutler** | | |

Official Form 113　　　　　**Chapter 13 Plan**　　　　　Page 4

| Debtor | James B McKay, Jr. | Case number | 19-07584 |
|---|---|---|---|

Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **James B McKay, Jr.** | Case number | **19-07584** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$5,281.60** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$7,534.40** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*                    + | **$0.00** |
| | **Total of lines a through j** | **$12,816.00** |